IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMAL SHEHADEH (No. S10300),** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 10-985-GPM |
| **JOHN COX, CHARLES BATES, LT. CAMPBELL, LT. HOWARD, and NORMAN SUITS,** | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's Partial Motion to Dismiss (Doc. 24), and his Second Amended Complaint (Doc. 23), both filed September 12, 2011. Previously, in this Court's order of July 14, 2011 (Doc. 15), the undersigned Judge found that Plaintiff had stated constitutional claims in Count 1 B, Count 2, and Count 4, based on his First Amended Complaint (Doc. 13). Plaintiff was ordered to file his Second Amended Complaint, naming the Defendants responsible for allegedly violating his constitutional rights in Counts 2 and 4, before the matter could proceed.

Plaintiff has complied with the July 14, 2011 order (Doc. 23) and also filed a Partial Motion to Dismiss (Doc. 24). In the motion to dismiss, Plaintiff requests the Court dismiss without prejudice Count 1 B and Count 4, and proceed only on Count 2. Voluntary withdrawal of his claims is Plaintiff's right, and, accordingly, the Court **GRANTS** his Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). **COUNT 1 B** and **COUNT 4** are **DISMISSED** without prejudice. In addition, three of the Defendants associated with Count 1 B are not named in Plaintiff's Second

Amended Complaint.  Therefore, **DEFENDANTS ALLSTAD, DAVID,** and **FELKER** are **DISMISSED** from this action without prejudice.

As to the remaining claim, **COUNT 2**, Plaintiff has identified Defendants Bates, Campbell, Cox, Howard, and Suits as the parties who retaliated against Plaintiff for filing grievances and raising complaints over the poor conditions on the second floor of Building 19 at Vienna Correctional Center.

Accordingly, **IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **BATES, CAMPBELL, COX, HOWARD,** and **SUITS** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 23), the Memorandum and Order of July 14, 2011 (Doc. 15), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating

the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading or motion to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 9/14/2011

                                             s/ *G. Patrick Murphy*
                                             G. PATRICK MURPHY
                                             United States District Judge