IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAL SHEHADEH, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>JOHN COX, et al., )<br>)<br>  Defendants. )<br>)<br>) | Case No. 3:10-cv-985-GPM-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are a Motion to Compel and a Motion for a Hearing on the Motion to Compel, both filed by *pro se* Plaintiff Jamal Shehadeh (Docs. 61 and 64). For the reasons set forth below, the motions are **DENIED.**

**BACKGROUND**

Plaintiff Jamal Shehadeh, an inmate in the Logan Correctional Center, claims that counsel for defendants and the Illinois Department of Corrections have "fail[ed] to accommodate Plaintiff's prosecution of this claim" and have "interfere[ed] with the Plaintiff's prosecution of this and other matters." Plaintiff asserts his right to access to the courts and states that he is having problems with access to the law library. He claims, specifically, "[t]he continued denial of plaintiff access to his legal work, the law library, ample envelopes, and threats of transfer and other retaliation will result in prejudice and harm to the Plaintiff." Plaintiff asks the Court to order staff at Logan Correctional Center to permit him unlimited access to his legal papers; to allow him to purchase as many envelopes as he needs, as often as he needs; to grant Plaintiff access to the law

library for at least five hours per week; and to take no retaliatory action against him, such as transferring him to a higher-security prison. Plaintiff also asks the Court to hold a hearing on the motion to compel (Doc. 64).

## DISCUSSION

Plaintiff's complaint does not contain a claim of the denial of access to courts. Moreover, Plaintiff has not identified any defendants in the case responsible for the alleged denial of legal materials and library time. Defendants' counsel is not a party to the case. If Plaintiff believes Defendants' counsel and other IDOC officials are violating his right of access to courts, he may file another lawsuit challenging the denial of that right. As it stands now, however, there exist no access-to-courts claims in this lawsuit.

More importantly, the Court has reviewed the docket and finds no indication that Plaintiff has been limited in his ability file documents in the action. Of the 64 documents that make up the record in this case, 22 are filings by Plaintiff. Plaintiff did seek an extension of time to file a reply to the Defendants' response to the Court's January 4, 2012, Order to Show Cause. The Court denied that motion, however, because the Order to Show Cause was directed to Defendants for a response to the Court, not to the Plaintiff. As such, a reply brief, and access to the law library to prepare a reply brief, was not necessary.

Furthermore, the Court is reluctant to involve itself in the day-to-day management of prisons. "Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials. The Constitution does not speak with precision to the issue of prison conditions (that is an understatement); federal judges know little about the management of prisons; managerial judgments generally are the province of other

branches of government than the judicial; and it is unseemly for federal courts to tell a state . . . how to run its prison system." *Scarver v. Litscher*, 434 F.3d 972, 976-77 (7th Cir. 2006) (quoting *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir.1985)). *See also Sandin v. Conner*, 515 U.S. 472, 482 (1995).

If, in the future, Plaintiff has difficulty filing a motion or a response to a motion by a deadline imposed by the Court, he may seek an extension of time from the Court to file the specific motion or response. The Court maintains flexibility over its own schedule and is willing to continue deadlines where there is a legitimate need. Because of this flexibility, the Court is able to accommodate the parties, but not overstep its boundaries into prison management. If Plaintiff experiences continued difficulty filing documents with the Court, he may seek appointment of counsel to assist him in prosecuting his case. If Plaintiff demonstrates he has now met the requirements set forth in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), the Court will reconsider his request and may appoint counsel.[1]

## CONCLUSION

Accordingly, based on all the foregoing, Plaintiff's Motion to Compel (Doc. 61) and Motion for a Hearing (Doc. 64) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 10, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[1] Plaintiff sought appointment of counsel at the outset of the case (Doc. 3). The Court denied his request without prejudice because he did not show that he had made reasonable attempts to retain counsel without the Court's assistance, as required by *Pruitt*.