IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAL SHEHADEH, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 3:10-cv-985-DGW |
| JOHN COX, et al., | ) ) ) |
|     Defendants. | ) ) ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are a Motion to Compel Production (Doc. 73) and a Motion for Order Directing Plaintiff's Custodian to Accommodate Plaintiff's Prosecution of This Case (Doc. 74) filed by *pro se* Plaintiff Jamal Shehadeh.

*Motion to Compel Production*

Plaintiff Shehadeh informs the Court that Defendants have not adequately responded to his discovery requests, nor have they provided him with names of persons with knowledge of the incidents described in the complaint as ordered by the Court in the scheduling order issued March 9, 2012 (Doc. 68). Shehadeh also seeks access to his IDOC master file, and the names and current or last known addresses of all IDOC inmates on the second floor of building 19 at the Vienna Correctional Center during the operative dates in the complaint.

In response, Defendants state that they were served with Plaintiff's discovery requests on March 14, 2012 (Doc. 78). Under Fed. R. Civ. P. 34(b)(2)(A), a response was not due until April 14, 2012. Because Plaintiff's motion to compel was filed on March 30, Defendants argue that

Plaintiff's motion was premature. Moreover, Defendants state that on the same day they filed a response to the motion to compel, they served Plaintiff with responses to his discovery requests.

In light of Defendants' representation that they have now responded to Shehadeh's discovery requests, the Court finds Plaintiff's motion to compel (Doc. 73) to be **MOOT**.

*Motion for Order Directing Plaintiff's Custodian to Accommodate Plaintiff's Prosecution*

Plaintiff informs the Court that prison rules prevent him from purchasing more than twenty stamped envelopes from the commissary at a time (he is allowed to visit the commissary twice monthly), and he has been restricted from sending or receiving mail to or from other inmates. Plaintiff claims that in order to prosecute his case, he should be allowed unlimited access to mail and should be allowed to communicate with other inmates. He also claims that he has been threatened with transfer to another facility due to his many lawsuits. He asks the Court to issue an order permitting him access to unlimited mailing supplies, to communicate with other inmates and be allowed to possess their personal information, and to prohibit the IDOC from transferring him to another prison (Doc. 74).

Shehadeh previously asked the Court to order the IDOC to allow him unlimited access to his legal papers and to give additional library time. The Court denied these requests because no access-to-courts claims were at issue in the case, that the Plaintiff had not been limited in his ability to file documents in the action, and that the Court does not involve itself in prison management (Doc. 65). For the same reasons, Plaintiff's Motion to Accommodate Prosecution of his Case is **DENIED**. Again, the case does not contain any access-to-courts claims. Furthermore, Plaintiff has not been limited in his ability to file motions in the case. The Court cannot fathom how more than twenty envelopes every two weeks would be required to prosecute

2

this lawsuit. Finally, the Court maintans its stance that it is improper for courts to involve themselves in the day-to-day management of prisons.

As Plaintiff was informed previously, if he has difficulty meeting a specific deadline, he may request an extension of time, which the Court is likely to grant so long as his request is based on good cause.

## CONCLUSION

Accordingly, Plaintiff's Motion to Compel (Doc. 73) is found to be **MOOT**, and his Motion for Order Directing Plaintiff's Custodian to Accommodate Plaintiff's prosecution of the case (Doc. 74) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 25, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**