IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMAL SHEHADEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-cv-985-DGW |
| | ) | |
| JOHN COX, BRETT CAMPBELL, NORMAN SUITS, and CHARLES BATES, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Summary Judgment filed by Defendants on January 25, 2013 (Doc. 116). For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

In a January 10, 2013 Order, this Court considered Defendants' Motion for Summary Judgment on the ground of qualified immunity (Doc. 113). In finding that the Defendants were not entitled to qualified immunity, this Court necessarily considered the evidence in this case which consisted of, at that time, the Second Amended Complaint which was in the form of an affidavit. This Court found certain facts based on that affidavit: First, that Plaintiff complained of the living conditions of the second floor of building 19 by filing grievances; Second, that the conditions on the second floor were less desirable than the conditions on the third floor or the rest of the prison; Third, that he was moved to the third floor where he continued to complain about the living conditions to every correctional officer he came into contact with; Fourth, that he was returned to the second floor and that he believed that the move was permanent; Fifth, that at the time he was moved back to the second floor, Defendant Bates made comments that indicated he

was being moved because of his complaints and that Defendants Campbell, Cox, and Suits concurred with the transfer; and, Sixth, that third party correctional officers also made statements that he was being moved because of his complaints.  Thus this Court found that a jury could conclude, based on this evidence, that Plaintiff had been retaliated against on account of his complaints as to living conditions by being transferred to an undesirable location in the prison.

Defendants have filed another Motion for Summary Judgment, now on the merits, stating that Plaintiff has not presented any evidence of retaliation.  To support their argument, they point to their own affidavits:

> 1.  Defendant Cox states that as the Warden of Vienna Correctional Center during the relevant time period, he was not "personally involved in the transfer of inmates to different cells or different housing units" (John Cox Aff. ¶ 3).
>
> 2.  Defendant Campbell states that he also was not personally involved in Plaintiff's transfer (Brett Campbell Aff. ¶ 4).

In addition, Carri L. Sisk, an office administrator who is familiar with inmate master files, avers that after reviewing Plaintiff's file, she did not find a grievance filed by Plaintiff at the institution level regarding the allegation made in this case (Carri L. Sisk Aff. ¶ 7).  She did however become aware that Plaintiff submitted a grievance directly to the Administrative Review Board on November 26, 2010 (Doc. 117-4, p. 2-3).  Defendants offer no argument as to the evidentiary value of statements made in Plaintiff's affidavit nor do they offer any evidence that would counter Plaintiff's contention that the living conditions on the second floor of building 19 were markedly worse than the conditions on the third floor or the other housing at Vienna CC.

## STANDARD

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)). The moving party bears the initial burden of producing evidence that identifies "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes to demonstrate the absence of a genuine issue of material fact." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (quoting *Logan v. Commercial Union Ins.*

*Co.*, 96 F.3d 971, 978 (7th Cir. 1996)). After the moving party has satisfied its burden to establish that no genuine issue of material fact exists, the burden shifts to the non-moving party to "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "may not rely merely on allegations or denials in its own pleading." *Id.* The opposing party must, instead, "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

## DISCUSSION

As indicated in this Court's previous Order, "Prisoners' grievances, unless frivolous . . . concerning the conditions in which they are being confined are deemed petitions for redress of grievances and thus are protected by the First Amendment." *Hasan v. U.S. Dept. of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005). "'An act of retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.'" *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quoting *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987)). In order to show that he was impermissibly retaliated against, Plaintiff must show that he exercised a right secured by the First Amendment, that he suffered a deprivation, and that the exercise of his right was the "motivating factor" for the deprivation. *Gomez*, 680 F.3d at 866 (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)); *Pearson v. Welborn*, 471 F.3d 732, 738 (7th Cir. 2006) ("To succeed on his retaliation claim, it was necessary for [Plaintiff] to demonstrate that prison officials retaliated against him for exercising a constitutionally protected right.").

This Court already has found that Plaintiff has presented sufficient evidence to reach a jury

4

on the question of whether he was retaliated against for complaining about the conditions of the second floor of building 19.  The evidence presented by Defendants merely highlights that there are material facts in dispute: Defendants Cox's and Campbell's personal involvement in Plaintiff's transfer and the fact of whether Plaintiff made any complaints protected by the First Amendment.  While Plaintiff's evidence is not, by any means, overwhelming,[1] such factual disputes necessitate a trial.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants on January 25, 2013 (Doc. 116) is **DENIED**.  This matter is **SET** for a **Final Pretrial Conference** on **October 16, 2013 at 2:00 p.m.**.  This matter is further **SET** for a **Jury Trial** commencing **October 28, 2013 at 9:00 a.m.**

**IT IS SO ORDERED.**

**DATED: August 1, 2013**

                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**

---

[1] Plaintiff's evidence essentially consists of hearsay statements.  However, Defendants have not argued that these statements are not admissible; therefore, the Court will, at this stage of the litigation, accept that they are admissible.